IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03285-MJW

GARY G. WAGNER,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

## OPINION AND ORDER

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

The government determined that Gary Wagner is not disabled for purposes of Supplemental Security Income under the Social Security Act. Wagner has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a U.S. Magistrate Judge under 28 U.S.C. § 636(c). The Court AFFIRMS the government's determination.

## Discussion

The Court reviews the administrative law judge's ("ALJ") decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted). The Court "should, indeed must, exercise common

2

sense" and "cannot insist on technical perfection."  *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).  The Court cannot reweigh the evidence or its credibility.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Plaintiff asserts five errors in the ALJ's analysis.

**I.      Deficient evaluation of medical evidence of impairments**

Plaintiff argues that the medical evidence suggests several impairments that the ALJ failed to properly consider—most notably, chronic obstructive pulmonary disease ("COPD")/emphysema; chronic lower-back pain; a left-shoulder injury; and gastroesophageal reflux disease ("GERD").

***COPD/emphysema***.  The ALJ noted that the medical evidence showed sustained treatment for respiratory disease, occasionally identified by Wagner's treating doctors as COPD/emphysema and occasionally identified as asthma.  (AR 13, 14, 20, 21, 23.)  The ALJ considered the evidence, and more particularly considered the functional limitations imposed by the respiratory condition.  (*See* AR 24 ("The claimant's recent medical records show that his asthma is well controlled with medications.  In October 2012, the spirometry test showed his asthma was well controlled.  In December 2012 and in March 2013, his asthma was noted to be well controlled with Advair and Spiriva.")  The ALJ accommodated those limitations in his assessment of Wagner's residual functional capacity ("RFC").  (AR 16 ("[Wagner] requires a clean air limitation, which would preclude any work that would expose him to excessive gas, dust, or environmental pollutants that would be above and beyond that which one would normally find in the workplace.").)

3

Wagner takes issue with the ALJ's decision to evaluate this evidence as evidence of emphysema rather than asthma, but Wagner does not point to any evidence suggesting a greater limitation than what the ALJ found. Although the ALJ has a duty to develop the record, "[t]his duty is not a panacea for claimants . . . which requires reversal in any matter where the ALJ fails to exhaust every potential line of questioning." *Glass v. Shalala*, 43 F.3d 1392, 1396 (10th Cir. 1994). "'The standard' for determining whether the ALJ fully developed the record 'is one of reasonable good judgment.'" *Segura v. Barnhart*, 148 F. App'x 707, 710 (10th Cir. 2005) (quoting *Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997)). If there is sufficient information to make a disability determination, the record is sufficiently developed. *Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008).

Here, the ALJ found the record sufficient to establish Wagner's functional limitations attributable to respiratory ailments—and Wagner does not point out what further limitations might have been revealed by further evidence. As a result, Wagner has not established any reversible error. *See Watson v. Barnhart*, 194 F. App'x 526, 530 (10th Cir. 2006) ("Watson neither (1) suggests what the omitted treatment evidence might reveal; nor (2) identifies anything in the record that would have reasonably notified the ALJ that such evidence existed."); *Jaramillo v. Massanari*, 21 F. App'x 792, 795 (10th Cir. 2001) ("She has not identified medical providers from whom records were missing nor did she ask assistance in obtaining any records. On appeal, she has failed to identify the evidence she claims the ALJ should have obtained. The ALJ did not violate the duty to develop the record.").

4

***Chronic lower-back pain***.  Wagner argues that the ALJ ignored evidence of Wagner's chronic lower-back pain.  But the ALJ specifically noted the evidence of lower-back ailments (AR 17, 20, 21, 22) and found that the objective medical evidence did not support Wagner's claims as to intensity, persistence, and limiting effects (AR 24).  The ALJ did not ignore the evidence; he weighed it.  This is not reversible error.

***Left-shoulder injury***.  Wagner argues that the ALJ erred in concluding that his left-shoulder injury did not constitute a "severe" impairment at the second step of the Commissioner's sequential analysis.  But because Wagner was not ruled not-disabled at that second step, and because the ALJ proceeded on to the more rigorous RFC assessment, any error at step two is harmless.  *See Carpenter v. Astrue*, 537 F.3d 1264, 1265–66 (10th Cir. 2008).

What matters is whether the ALJ properly considered the evidence of Wagner's left-shoulder injury during the RFC assessment and the steps following that assessment.  The ALJ did so, relying on a thorough review of the medical records (AR 18–23) and the physical limitations suggested by medical opinions in the record (AR 26).  Wagner points to no flaws in those analyses related to his left-shoulder injury (except as discussed below), and the Court therefore sees no reversible error.

***GERD***.  Wagner argues that the ALJ failed to credit evidence of pain or of other symptoms that were exacerbated by his GERD.  But Wagner points to evidence of limitations suggested by this condition that the ALJ failed to accommodate.  The only evidence Wagner points to is evidence that the GERD aggravated Wagner's COPD

symptoms—but the ALJ considered and accommodated all of the evidence of Wagner's COPD symptoms, exaggerated or otherwise.  The Court sees no reversible error.

## II.     Combined effect of all severe and non-severe impairments

Wagner further argues that the ALJ failed to consider the combined effect of all of his impairments, severe or otherwise.  Wagner cites several cases in support of this argument—but fails to point to any facts.  Wagner directs the Court to no functional limitations imposed by the foregoing medical conditions that the ALJ failed to accommodate in his RFC analysis.  As a result, the Court sees no reversible error.

## III.    Weighing medical opinions

Wagner also takes issues with the ALJ's weighing of five opinions.

***Dr. Traister***.  Dr. Traister examined Wagner immediately following Wagner's surgery on his right arm, while the right arm was still in a sling.  (AR 372.)  As a result, Dr. Traister opined that Wagner had various manipulative and environmental limitations associated with having, for now, only one arm to use.  (AR 376.)  The ALJ's opinion, rendered over a year later and on the basis of medical records showing complete rehabilitation of Wagner's right arm (*see* AR 20 – 22), adopted all of Dr. Traister's opinion except these manipulative and environmental limitations (AR 26).  The ALJ correctly noted that the discarded limitations were inconsistent with the record as a whole.  (*Id.*)

Wagner notes that Dr. Traister also identified various impairments to his left shoulder, and argues that the ALJ failed to discuss those impairments in weighing Dr. Traister's opinion.  But the ALJ *did* discuss the left-shoulder injury elsewhere in his

6

decision—and, importantly, at no point did Dr. Traister ascribe any functional limitations to Wagner's left-shoulder injury. As a result, the ALJ's failure to explicitly discuss Dr. Traister's opinion of the left-shoulder injury did not amount to ignoring any limitations suggested by the record. The Court sees no reversible error.

***Dr. Corsello***. Dr. Corsello, a state-agency consultant who reviewed some records but did not examine Wagner, opined that Wagner had a limited ability to raise his left shoulder or reach, pull, or push with his left shoulder. (*See* AR 74–76.) The ALJ discounted this portion of Dr. Corsello's opinion, finding it inconsistent with the record as a whole and, specifically, contrary to a year's worth of records that Dr. Corsello did not have access to. (AR 26.) The ALJ's reasoning is supported by substantial evidence— as the ALJ had noted earlier, the more recent medical records showed only infrequent and limited complaints related to Wagner's left shoulder, and no objective evidence of limited strength or range of motion (*see* AR 13)—and there are no legal errors in the ALJ's weighing of Dr. Corsello's opinion. As a result, the ALJ's treatment of this opinion was not reversible error.

***Drs. Graham & Leaf***. In weighing the opinions of Dr. Graham and Dr. Leaf, the ALJ adopted everything in their opinions except their opinions that Wagner's anxiety moderate limits his ability to adapt to changes in the workplace environment. (AR 25–26.) The ALJ reasoned that the objective medical evidence as a whole established the mild-to-moderate social limitations suggested by Drs. Graham and Leaf—which the ALJ incorporated into his RFC—but that the medical evidence as a whole did *not* support any limits on adaptation functions. (*Id.*) Elsewhere in his RFC analysis, the ALJ

7

exhaustively recounted the evidence of record—which consistently shows diagnoses of generalized anxiety disorder, treated with limited psychotherapy and medication, but which also shows that the disorder was well controlled. (AR 18, 20–24.) The ALJ weighed the evidence, and concluded that it did not support the adaptive limitations suggested by these two medical opinions. The ALJ is allowed to do so, because the functional limitations imposed by medical conditions are, ultimately, issues reserved to the Commissioner. 20 C.F.R. § 416.927(d); Social Security Ruling 96-5p. There is evidence to support the ALJ's findings, and this Court is not allowed to re-weigh the evidence. The Court sees no reversible error.

*Mr. Roberts*. Wagner's treating psychotherapist, Licensed Professional Counselor Roberts, provided his treatment notes and his opinion as to Wagner's functional limitations. (AR 395–427, 863–69.) He opined that Wagner was substantially more limited, in a variety of ways, than Dr. Graham or Dr. Leaf had. The ALJ assigned Roberts's opinion limited weight, finding it to be both inconsistent with the record as a whole and inconsistent with itself. (AR 25.) These reasons are specific and legitimate, and they are supported by substantial evidence. (*See* AR 395–401 (opining as to severe and marked limitations in most categories); AR 402–27 (treatment notes with GAF scores suggesting only moderate limitations)). *See Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003). Accordingly, the ALJ did not reversibly err.

**IV.    Credibility analysis**

Wagner argues that the ALJ ignored his subjective statements, without a proper credibility analysis. But the ALJ engaged in the credibility analysis required by law—

determining that a specific list of objective medical records were inconsistent with Wagner's claims, and determining as a result that Wagner's testimony exaggerated the effects of his conditions. (AR 24.) The ALJ weighed specific evidence and gave specific reasons for discrediting Plaintiff's allegations.

Wagner cites to *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), and argues that the ALJ failed to make specific findings about his debilitating pain. But Wagner did not allege nor testify to debilitating pain; he testified only to chronic back pain that prevents him from sitting or standing for longer than short periods of time, and the ALJ discussed that testimony and rejected it as inconsistent with the medical evidence. The Court sees no reversible error.

**V.     Vocational Analysis**

Finally, Wagner argues that the foregoing errors undermine the ALJ's step-five vocational analysis and therefore do not constitute harmless error. Since the Court has concluded that none of Wagner's other arguments have merit, it follows that Wagner has not shown an inadequate vocational analysis.

**Conclusion**

For the reasons set forth above, the Commissioner's decision is AFFIRMED.

Dated this 31st day of July, 2015.

                                                      BY THE COURT:

                                                      */s/ Michael J. Watanabe*
                                                      MICHAEL J. WATANABE
                                                      United States Magistrate Judge